UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | Case No. 2:17-CV-1424 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff U.S. Bank National Association's ("plaintiff") motion for summary judgment. (ECF No. 22). Defendant SFR Investments Pool I, LLC ("SFR") filed a response (ECF No. 24), to which plaintiff replied (ECF No. 26).

Also before the court is SFR's motion for summary judgment. (ECF No. 23). Plaintiff filed a response (ECF No. 25), to which SFR replied (ECF No. 27).

**I.    Facts**

This action arises from a dispute over real property located at 8007 Rotella Drive, Las Vegas, Nevada ("the property").

Johnnie Williams ("Williams") purchased the property on or about October 25, 2006. (ECF No. 1 at 2). Williams financed his purchase of the property with a loan from Security National Mortgage Company ("Security National"). *Id.* Security National secured the loan with a recorded deed of trust, which names itself as the lender, Equity Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (ECF No. 23-6). On November 12, 2009, plaintiff acquired all beneficial interest in the deed of trust via an assignment, which plaintiff recorded with the Clark County recorder's office. (ECF No. 22-2).

**James C. Mahan
U.S. District Judge**

On September 26, 2011, Nevada Association Services, as agent for defendant El Paseo Community Association ("the HOA"), recorded a notice of delinquent assessment ("HOA lien") against the property for Williams' failure to pay the HOA its dues in the amount of $1,305.70. (ECF No. 22-3). On November 28, 2011, the HOA recorded a notice of default and election to sell pursuant to the lien for delinquent assessments against the property, stating that the amount due as of November 18, 2011, was $2,516.50. (ECF No. 22-4). The HOA provided notice to plaintiff of its notice of default and election to sell via a trustee's sale guarantee prior to the foreclosure sale. (ECF No. 23-7).

On May 15, 2012, North American Title Company, acting on behalf of the HOA, recorded a notice of foreclosure sale against the property. (ECF No. 22-5). The HOA mailed a copy of the notice to all interested parties, including plaintiff. (ECF No. 23-10 at 102). On August 10, 2012, SFR appeared at the non-judicial foreclosure sale ("HOA sale") and purchased the property for $8,100.00. (ECF No. 23-27). SFR recorded the deed upon sale on September 7, 2012. *Id.*

Plaintiff initiated this action against SFR, the HOA and former owner Williams on May 19, 2017. (ECF No. 1).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would

bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

On May 19, 2017, plaintiff initiated this action against defendants SFR, the HOA, and Williams. (ECF No. 1). Plaintiff's complaint raises three causes of action: (1) declaratory judgment; (2) quiet title; and (3) unjust enrichment. *Id.*

As a preliminary matter, declaratory relief is a remedy and not a separate cause of action. *See Freeto v. Litton Loan Serv., LP*, no. 3:09-cv-754, 2011 U.S. Dist. LEXIS 3960, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction because those remedies may only "be afforded to a party after he has sufficiently established and proven his claims"). Accordingly, the court will dismiss plaintiff's first claim for "declaratory judgment." *See* (ECF No. 1). As a result, plaintiff's only remaining claims are those for quiet title and unjust enrichment.

*a. Defendant SFR's motion for summary judgment*

In SFR's motion for summary judgment, SFR argues that plaintiff's complaint is time-barred by the applicable statutes of limitations. (ECF No. 23 at 10–12, 26). SFR correctly argues that plaintiff's claims accrued when the foreclosure sale took place. (ECF No. 23 at 11). *See Bank of New York Mellon v. Traccia Cmty. Ass'n*, No. 2:17-cv-1802-JCM-CWH, 2018 WL 1459127, at *4 (D. Nev. Mar. 23, 2018).

NRS 11.070 provides for a five-year statute of limitations for a quiet title action. Nev. Rev. Stat. § 11.070. *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank*, N.A., 388 P.3d 226, 232 (Nev. 2017). Because plaintiff initiated this action less than five years after its claims accrued, plaintiff's quiet title claim is not time-barred by the applicable statute of limitations.

However, in Nevada, the statute of limitations for an unjust enrichment claim is four years. Nev. Rev. Stat. § 11.190(2)(c); *Kahn v. Dodds (In re AMERCO Derivative Litig.)*, 252 P.3d 681, 703 (Nev. 2011). Accordingly, because plaintiff initiated this action more than four years after its

claims accrued, the court will dismiss plaintiff's unjust enrichment claim. As a result, plaintiff's only remaining claim is its claim for quiet title, which the court will now address.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a party must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the Nevada Revised Statutes[1] gives an HOA a lien on its homeowners' residences for unpaid assessments and fines; moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

. . .

. . .

. . .

. . .

. . .

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investments Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

---

[1] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–13, when the events giving rise to this litigation occurred.

As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien with a non-judicial foreclosure sale. *Id*. at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

NRS 116.31166(1) provides that when an HOA forecloses on a property pursuant to NRS 116.31164, the following recitals in the deed are conclusive proof of the matters recited:

(a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
(b) The elapsing of the 90 days; and
(c) The giving of notice of sale[.]

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[2] "The 'conclusive' recitals concern . . . all statutory prerequisites to a valid HOA lien foreclosure sale." *See Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc*., 366 P.3d 1105 (Nev. 2016). Nevertheless, courts retain the equitable authority to consider quiet title actions when a HOA's foreclosure deed contains statutorily conclusive recitals. *See id.* at 1112.

---

[2] The statute further provides as follows:

2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.

3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

Here, the parties have provided the recorded notice of delinquent assessment, the recorded notice of default and election to sell, the recorded notice of foreclosure sale, and the recorded trustee's deed upon sale. *See* (ECF Nos. 22-3, 4, 5, 23-7, 10). Further, the recorded foreclosure deed contains the necessary recitals to establish compliance with NRS 116.31162 through NRS 116.31164. (ECF No. 23-27); *See* 366 P.3d at 1112. Therefore, pursuant to NRS 116.31166 and the recorded foreclosure deed, the foreclosure sale was valid to the extent that it complied with NRS 116.31162 through NRS 116.31164.

While NRS 116.3116 accords certain deed recitals conclusive effect, it does not necessarily entitle the buyer at the HOA foreclosure sale to success on a quiet title claim. *See Shadow Wood*, 366 P.3d at 1112 (rejecting that NRS 116.31166 defeats, as a matter of law, actions to quiet title). Thus, the question remains whether plaintiff has demonstrated sufficient grounds to justify setting aside the foreclosure sale. *See id.*

Plaintiff's complaint sets forth several grounds upon which it is allegedly entitled to quiet title in this case, other than those pertaining to the HOA's compliance with NRS 116.3116 (the requirements of which the court has already determined were satisfied by the HOA in this case). (ECF No. 1). *See Chapman*, 302 P.3d at 1106 ("A plea to quiet title does not require any particular elements. . .").

Those grounds are as follows: (1) the association foreclosed pursuant to an unconstitutional state statute, as determined by the Ninth Circuit in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*; (2) the sale of the property was commercially unreasonable due to inadequate sales price, together with evidence of fraud, oppression and unfairness; and (3) the purchaser of the property at the foreclosure sale is not a bona fide purchaser. (ECF No. 1 at 7).

In SFR's motion for summary judgment, SFR sets forth arguments attacking those grounds upon which plaintiff alleges it is entitled to quiet title in this case. (ECF No. 23). The court will address the merits of each of the arguments in turn.

### i. The Bourne Valley *decision—no Due Process violation*

SFR argues in its motion for summary judgment that plaintiff's reliance on the Ninth Circuit's decision in *Bourne Valley* as a reason to set aside the foreclosure sale is misguided. (ECF

No. 23 at 12–14). *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). The court agrees.

In *Bourne Valley*, the Ninth Circuit held that Chapter 116 violated the Due Process Clause of the Fourteenth Amendment because it did not require a party foreclosing on a property to provide notice to a holder of any subordinate security interest. *Bourne Valley*, 832 F.3d at 1159. This conclusion was based on the interpretation that NRS 116.31168(1) did not incorporate NRS 107.090, which requires notice of default to any person with a subordinate security interest. *Id*.

When the Ninth Circuit ruled in *Bourne Valley*, there was no authority on the interpretation of NRS 116.31168(1). Left with the general doctrines of statute interpretation, the court declined to incorporate NRS 107.090 on the grounds that it would render NRS 116.31168(1) superfluous. *Id*. (citing *S. Nev. Homebuilders Ass'n v. Clark County*, 117 P.3d 171, 173 (2005)).

After the Ninth Circuit ruled in *Bourne Valley*, the Nevada Supreme Court provided its interpretation of NRS 166.3116 *et seq*, holding that NRS 116.31168(1) does incorporate NRS 107.090. *SFR Invs. Pool 1, LLC, et al. v. The Bank of N.Y. Mellon*, No. 72931, 2018 WL 3655608, at *3 (Nev. Aug. 2, 2018) (expressly refuting *Bourne Valley*). Under this ruling, NRS § 116.31168(1) requires notice to subordinate interest holders and, thus, does not violate the Fourteenth Amendment. *Id*.

Both the Ninth Circuit and the Supreme Court have recognized, "a [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v. Cardwell*, 667 F.2d, 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

Accordingly, this court will follow the Nevada Supreme Court's decision and hold that the HOA foreclosed on the property pursuant to a constitutional statute. As a result, plaintiff is not entitled to relief on these grounds.

. . .

. . .

. . .

### ii. Commercial unreasonability

SFR argues in its motion for summary judgment that plaintiff has failed to demonstrate that the foreclosure sale was commercially unreasonable as a matter of law. (ECF No. 23 at 21–23). The court agrees.

The Nevada Supreme Court has held that purchase price alone is not sufficient to set aside a sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 647 (Nev. 2017). In *Nationstar*, the Nevada Supreme Court held that an HOA's foreclosure sale may be set aside under a court's equitable powers notwithstanding any recitals on the foreclosure deed where there is both a grossly inadequate sales price *and* evidence of "fraud, unfairness, or oppression." *Id.*; *see also Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 184 F. Supp. 3d 853, 857–58 (D. Nev. 2016).

Here, plaintiff fails to set forth any evidence tending to show fraud, unfairness, or oppression to justify setting aside the foreclosure sale. *See generally* (ECF No. 25). Because the burden is on the plaintiff to demonstrate why the foreclosure sale should be set aside for this reason, plaintiff is not entitled to judgment as a matter of law based on this argument. *See Breliant*, 918 P.2d at 318.

### iii. SFR is a bona fide purchaser

Finally, in its motion for summary judgment, SFR argues that it is a bona fide purchaser for value in light of the validly conducted foreclosure sale pursuant to Chapter 116. (ECF No. 23 at 21). Plaintiff's only rebuttal to SFR's argument is its misguided idea that the foreclosure sale itself was invalidly conducted pursuant to an unconstitutional state statute—therefore, according to plaintiff, SFR cannot be deemed a bona fide purchaser for value. (ECF No. 25 at 20).

However, the court has already found that the foreclosure sale was validly conducted pursuant to Chapter 116 in this case. Therefore, because the burden is on the plaintiff to demonstrate why the foreclosure sale should be set aside for this reason, plaintiff is not entitled to judgment as a matter of law based on this argument. *See* 918 P.2d at 318.

As a result of the foregoing, the court will grant SFR's motion for summary judgment.[3]

   b. *Plaintiff's motion for summary judgment*

Because defendant SFR has successfully rebutted all of the grounds upon which plaintiff's complaint (ECF No. 1) and motion for summary judgment[4] (ECF No. 22) alleges it is entitled to relief, the court will deny plaintiff's cross-motion for summary judgment.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant SFR Investments Pool I, LLC's motion for summary judgment (ECF No. 23) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff U.S. Bank National Association's motion for summary judgment (ECF No. 22) be, and the same hereby is, DENIED.

DATED September 24, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[3] However, SFR's motion for summary judgment also requests that this court expunge plaintiff's lis pendens on the property. Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. Therefore, SFR must file a separate motion in order to obtain the relief requested.

[4] The only ground upon which plaintiff moves for summary judgment is its argument that *Bourne Valley* rendered Chapter 116 facially invalid, which the court has already dispelled. *See* (ECF No. 22).